IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK D. NICOLAZZO,　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　　)　　2:09-cv-194
　　　　　　　　　　　　　　　　　)
MICHAEL KLOPOTOSKI, et al.,　　　　)
　　　　Respondents.　　　　　　　　)

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Mark D. Nicolazzo for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Mark D. Nicolazzo has presented a petition for a writ of habeas corpus. At the time the petition was filed, Nicolazzo was incarcerated at the State Correctional Institution at Dallas serving a five to ten year sentence to be followed by a ten year parole period imposed following his conviction, by a jury, of attempted rape and related offenses at No. 4410 of 2000, in the Court of Common Pleas of Westmoreland County, Pennsylvania.[1]  This sentence was imposed on May

---

[1] See: Petition at ¶¶ 1-6. We also observe that although incarcerated at the time the petition was filed, Nicolazzo has since been released on parole (See: Docket entry #9 and ¶ 3 to the answer of the Commonwealth. Thus, he was "in custody" for federal habeas corpus purposes. Lee v. Stickman, 357 F.3d 338 (3d Cir. 2004)).

1

27, 2003.[2]

> An appeal was taken to the Superior Court in which the issues presented were:
>
> I. Whether trial counsel was ineffective for failing to introduce available evidence that the accusers had bad reputations for honesty and truthfulness?
>
> II. Whether trial counsel was ineffective for failing to object to inadmissible testimony from a Commonwealth witness indicating that Kayla Hill's statements were consistent?
>
> III. Whether trial counsel was ineffective for failing to request a mistrial where highly inadmissible, prejudicial remarks were made by Danielle McLachlan?
>
> IV. Whether the court erred in not permitting the defendant to introduce into the post-trial proceedings evidence that he had passed a polygraph test?[3]

On January 3, 2005, the Superior Court affirmed the judgment of sentence.[4] A timely petition for allowance of appeal to the Pennsylvania Supreme Court was filed and on September 27, 2005 leave to appeal was denied.[5]

On April 7, 2006, a timely post-conviction petition was filed, counsel was appointed to represent the petitioner, an amended petition was filed and on December 12, 2006, post-conviction relief was denied.[6] An appeal was taken to the Superior Court in which the issues presented were:

> I. Did the hearsay testimony of Commonwealth's expert witness constitute evidence that was so inflammatory and highly prejudicial to the appellant and

---

[2] See: Attachment 2 to the answer at pp.67a-68a.

[3] See: Attachment 3 to the answer at p.75a.

[4] See: Attachment 4 to the answer at pp.106a-116a.

[5] See: Attachments 4-5 to the answer at pp. 117a-165a, 167a.

[6] See: Attachment 6 to the answer at p. 194a.

violative of his confrontation clause rights that trial counsel be deemed ineffective for failing to move for a mistrial or seek a limiting instruction to the jury.

II. Was trial counsel ineffective for failing to call an expert witness who would have been the only testifying physician who had personally examined the victim during the period of alleged sexual assault.[7]

On December 20, 2007, the denial of post-conviction relief was affirmed.[8]

A petition for allowance of appeal was filed in which the sole issue presented for review

was :

Whether the Superior Court's decision is consistent with this Court's decision in Commonwealth v. McGill, 574 Pa. 574, 832 A.2d 1014 (2003) [regarding the Superior Court's dismissal for petitioner's failure to brief and argue a layered ineffectiveness of counsel claim on appeal].[9]

On June 4, 2008, leave to appeal was denied.[10]

Nicolazzo then sought leave to file an original petition in the Pennsylvania Supreme

Court entitled:

Petition pro breve d' habeas corpus ad subjiciendum writ of habeas corpus/"Court lack of Jurisdiction"/ Rule of criminal procedures are unconstitutional under the United States Constitution/ deals in the possible suspension of United States constitutional liberty of 4th and 14th Amendments.[11]

On October 2, 2008, the Pennsylvania Supreme Court granted leave to file an original pleading

---

[7] See: Attachment 7 to the answer at p. 211a.

[8] See: Attachment 8 to the answer at pp. 242a-248a.

[9] See: Attachment 8 to the answer at p. 253a.

[10] See: Attachment 2 to the answer at p. 62a.

[11] See: Attachment 9 to the answer at pp. 275a-304a. It appears that in this petition, Nicolazzo challenges the authority of the Commonwealth to adopt its criminal laws.

and denied the petition for a writ of habeas corpus.[12]

On December 22, 2008, petitioner filed a second post-conviction petition. That petition was denied as untimely on February 13, 2009, and is presently the subject of an appeal pending in the Superior Court.[13]

The instant petition was executed on February 13, 2009, and in it, Nicolazzo contends he is entitled to relief on the following grounds:

I. Denial of the effective assistance of trial counsel in that :

> A. Trial counsel failed to cross-examine Sherri Hill/Kayla Hill concerning a medical report/examination of Kayla Hill conducted by Dr. Indira Jevaji on April 19, 1999 in which Dr. Jevaji reported in writing no abnormal observations concerning the genitalia of Kayla Hill and/or to call Dr. Jevaji to testify concerning her exam of Kayla Hill. Dr. Jevaji is the only doctor to actually examine Kayla during alleged abuse time frame.

> B. Trial counsel failed to motion for a mistrial, or even to make an objection to prejudicial hearsay testimony provided by Commonwealth witness Dr. Lori Vavul-Roediger. This physician offered hearsay testimony concerning the degree or amount of notching observed on the hymen of Kayla Hill based upon her conversation with nurse practitioner Melanie Kolwell. Dr. Vavul-Roediger testified "... I am looking at a kind of a picture when I observed what Miss Kolwell was able to see. I have had personal conversation with Miss Kolwell and she indicated that the degree or amount of notching that she noted during Kayla's examination she believed actually was more significant that what was documented by the two dimensional photograph..."  Dr. Vavul-Roediger own opinion was "... in the non-specific to normal range..."  But by stating this prejudicial hearsay testimony the jury was confused and tricked into believing that the abuse actually took place.

---

[12] See: Attachment 9 to the answer at p. 305a.

[13] See: Answer of the Commonwealth at pp.3-4.

This also denied Mr. Nicolazzo his U.S. Constitutional right to confront witnesses (as per Sixth Amendment) by not allowing him to challenge Ms. Kolwell's statements on cross examination.

C. While trial counsel knew that the alleged victims had reputations for being untruthful, he did not adequately investigate and call available witnesses to testify to that end at trial. Trial counsel's failure to call available negative character witnesses Chris Ruse and Rose Lohar had no reasonable basis and deprived Mr. Nicolazzo of a fair trial.

D. Trial counsel failed to object to, and move to strike testimony from William Sawdy, a case worker for the Westmoreland County C.Y.S. where he indicated that Kayla Hill's story was "consistent". Sawdy's testimony, an expert in the field, constituted his opinion that Kayla Hill's various statements made to him during the interviewing/evaluation process were "consistent". Sawdy's testimony constituted an improper bolstering of the credibility of the alleged victim, and usurped the function of the jury. Expert testimony admitted as evidence, would encourage jurors to shift their focus from determining the credibility of the particular witness testimony at trial. Allowing them to defer to the so-called expert's assessment of the truthfulness of the class of people, of which the particular witness is a member.

E. Trial counsel failed to request a mistrial, or move to strike prejudicial testimony of Danielle McLachlan indicating that she came back to PA from Oklahoma to testify against the defendant "... because he is with somebody right now that has a little girl..." That false accusation elicited by the prosecutor so inflamed the jury that Mr. Nicolazzo could not of have received a fair trial at the sentencing hearing testimony of Margaret Nicolazzo established that Mr. Nicolazzo was dating Lori Musco for two and a half years from Nov. 2000 to May 2003. And neither Mr. Nicolazzo or Ms. Musco had any children. A defendant's guilt must be established by legal and competent evidence. The court should condemn the admission of evidence such as Ms. McLachlan's testimony, such evidence has no relationship to the guilt or innocence of the accused or the punishment to be inflicted upon him, but serves ordinarily only to prejudice him in the eyes of the jury. Consequently Mr. Nicolazzo was prejudiced in the eyes of the jury

5

by totally untrue and irrelevant evidence.

.    II. Actual innocence in that:

> He had requested his first attorney to give him a polygraph test. His first attorney did not comply. After the verdict, sentencing counsel had arranged for the defendant to submit to a polygraph test. According to the polygraph examined, Mark Nicolazzo was "substantially telling the truth" when he denied that he abused Kayla Hill. The defendant's passing of the polygraph examination indicates that he is innocent and wrongfully convicted. At sentencing and the post-sentence hearings, the court erred in not permitting the defendant to call the polygraph examiner and introduce evidence of the defendant's passing a polygraph test. Such evidence would have bolstered the defendant's claim of innocence and demonstrated that a miscarriage of justice occurred.[14]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Presser v. Rodriguez, 411 U.S. 475 (1973); Braden v.  30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Presser v. Rodriguez,

---

[14] See: Petition at ¶ 12.

supra.; <u>Walker v. Vaughn</u>, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. <u>Carter v. Vaughn</u>, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

7

established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, we note that issue I parts C, D, E and issue II were raised in the appellate courts of the Commonwealth and for this reason, he has exhausted the available state court remedies. However, the remaining issues which the petitioner seeks to raise here have not been presented to the state appellate courts for their consideration in the first instance. In <u>Coleman v .Thompson</u>, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Accordingly, the latter issue are procedurally defaulted and will not be considered here.

The factual background to this case is set forth in the December 20, 2007 Memorandum of the Superior Court:

> Appellant was arrested and charged with various crimes related to his sexual molestation of his stepdaughters. At trial, the Commonwealth presented the testimony of the victims, the mother of the victims, a caseworker with Westmoreland County Children's Bureau (WCCB), the investigating detective of the New Kensington Police Department, Dr. Lori Vavul-Roediger, and an employee of the Child Advocacy Center. Appellant testified in his own defense and additionally presented the testimony of several character witnesses. On October 9, 2003, Appellant was found guilty of criminal attempt to commit rape, statutory sexual assault, involuntary deviate sexual intercourse, two counts of aggravated indecent assault, two counts of indecent assault, two counts of corruption of minors, and two counsel of endangering the welfare of children.[15]

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that

---

[15] See: Attachment 8 to the answer at pp. 242a-243a.

there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

In the instant petition, Nicolazzo contends that trial counsel was ineffective in failing to thoroughly investigate the veracity of the victims and present evidence placing their credibility in evidence; in failing to move to strike the testimony of a C.Y.S. caseworker regarding statements

9

made to him by the victim, and in failing to move to strike or for a mistrial when the

Commonwealth offered the testimony of one of the victims as to why she elected to testify at the

petitioner's trial.[16]

    As to the alleged failure to trial counsel to offer testimony challenging the credibility of

Commonwealth witnesses, the Superior Court reviewed the record and credited the post-trial

testimony of counsel that he had not been informed of the existence of witnesses who would

discredit the veracity of Commonwealth witnesses, that some of that testimony would have been

inadmissible and that counsel did argue the credibility of the witnesses to the jury.[17]  Factual

findings of the state courts are presumed correct. 28 U.S.C. 2254(e)(1). In addition, in his closing

argument defense counsel argued extensively regarding the lack of credibility of the victims.[18]

    The petitioner next contends that counsel was deficient in that he failed to object to or

move to strike the testimony of William Sawdy, a C.Y.S. case worker as supporting the

credibility of a victim. In reviewing this issue, the Superior Court observed:

> Our review of the record indicates that Mr. Sawdy did in fact use the word
> "consistent" on numerous occasions. See N.T. Trial, at 118, 123, 168, 170.  It is
> our interpretation, however, that Mr. Sawdy was not commenting on the
> credibility or truthfulness of Kayla's statements, but was simply stating the fact
> that her version of events did not substantially change over the course of different

---

[16] We note that in his post-conviction appeal to the Superior Court the petitioner alleged that
counsel was defective in failing to challenge the hearsay testimony of the Commonwealth's
expert witness, however, this issue was not raised in his petitioner for allowance of appeal to the
Pennsylvania Supreme Court and for this reason, is procedurally defaulted. Nevertheless, even if
appropriately raised this issue does not provide a basis for federal relief since under Pa.R.Evid.
703, such testimony is permissible, and state evidentiary rulings are not subject to federal review.
Jimenez v. Walker, 458 F.3d 130, 147 (2d Cir. 2006).

[17] See: Attachment 4 to the answer at pp. 109a-113a,

[18] See: Attachment 16 to the answer at pp.652a-658a

interviews.[19]

As noted above, this factual determination is entitled to deference. In addition, in reviewing this testimony, it is apparent that the witness was not testifying as to the credibility of the witness, but only that her repeated conversations with him were factually consistent. Under Pa.R.Evid. 613(c), evidence of prior consistent statements is permitted to counter a claim of fabrication.

The petitioner also contends that defense counsel was inadequate for failing to move for a mistrial or to strike testimony elicited from Danielle McLachlan, one of victim sisters,  in which she related that she had returned from Oklahoma to testify against the petitioner because he was at that time involved with another woman who had a young daughter. At that point, defense counsel objected to the testimony on grounds of relevance and his objection was sustained.[20] The Superior Court in reviewing this claim accorded deference to the trial court which had noted, " 'the victim did not directly accuse the [appellant] of committing another crime,' the remark 'did not rise to the level of inflaming the minds and passions of the jurors' thus requiring a mistrial."[21]

The defense in this prosecution was premised on an attempt to call into question the credibility of the victims, and contrast this with the denials of the petitioner. Counsel pursued this strategy and thus, the issues which the petitioner seeks to raise here fail to demonstrate that counsel's representation fell below an objective standard of reasonableness and do not provide a

---

[19] See: Attachment 4 to the answer at p. 113a.

[20] See: Attachment 12 to the answer at p. 464a.

[21] See: Attachment 4 to the answer at p. 115a.

basis for relief.

The final issue which the petitioner raises here regards the petitioner's request that his counsel secure his polygraph examination, and then failed to offer the post-trial polygraph examination results which the petitioner argues supports his veracity. As the Superior Court observed, in Pennsylvania "polygraph evidence is inadmissible for any purpose."[22]  Additionally, alleged evidentiary errors do not provide a basis for relief unless they resulted in fundamental unfairness .Reynolds v. Ellingsowth , 843 F.2d 712 (3d Cir.), cert. denied 109 S.Ct. 403 (1988); Cummings v. Burge, 581 F.Supp.2d 436 (W.D.N.Y.2008). No such showing is made here.

In the present case, polygraphic evidence is clearly  not admissible in Pennsylvania trial courts, and unlike the petitioner's allegations here the results he argues do not demonstrate actual innocence. Rather, the polygraph was, according to the petitioner, merely supportive of his claim of innocence. Thus, Nicolazzo has failed to make a showing of actual innocence.

Because the allegations raised in the petition fail to demonstrate an unreasonable application of federal law as determined by the Supreme Court, they are without merit. Accordingly, it is recommended that the petition be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[22] See: Id at p. 116a.

Respectfully submitted,
s/Robert C. Mitchell,
Entered: August 3, 2009                    United States Magistrate Judge